```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,                    MEMORANDUM & ORDER
                                               17-CR-545 (KAM)
          - against -

SALVATORE DEMEO,

               Defendant.
----------------------------------------X
```

KIYO A. MATSUMOTO, United States District Judge:

      Defendant Salvatore Demeo, who is currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York, is 82 years old and suffers from coronary artery disease, prostate cancer, and hypertension, among other serious health conditions. Mr. Demeo moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), requesting that he serve the remainder of his one-month custodial sentence in home confinement. For the reasons set forth below, Mr. Demeo's motion is GRANTED.

## BACKGROUND

      On May 21, 2018, Mr. Demeo pleaded guilty to knowingly and willfully attempting to evade substantial income taxes, in violation of 26 U.S.C. § 7201. (ECF No. 25; see ECF No. 29.) Mr. Demeo failed to report income and capital gains from the sale of properties he inherited from his father, resulting in a tax loss of $367,673. Prior to sentencing, Mr. Demeo repaid the IRS in

1

full, using the proceeds of the sale of the Demeos' longtime family home in Brooklyn.

On November 25, 2019, the court sentenced Mr. Demeo to one month of incarceration and two years of supervised release. (ECF No. 47.) The court also imposed a $12,000 fine, a $100 special assessment, and $367,673 in (already paid) restitution to the IRS. (*Id.*) The court recognized the serious nature of Mr. Demeo's offense, the need to promote respect for the law, and the need to deter both Mr. Demeo and others. The court also noted Mr. Demeo's criminal history, including his prior conviction in this district for racketeering activity, and his association with the Genovese crime family. Ultimately, however, the court found that several mitigating factors weighed in favor of a one-month custodial sentence, which was substantially below the applicable Guidelines range of 24 to 30 months. These mitigating factors included Mr. Demeo's advanced age; his payment in full of his restitution; his support of his family, including a disabled son; his involvement in the community, including his mentorship of at-risk children; and his various health issues, including coronary artery disease, lumbar spinal stenosis, hyperlipidemia, hypertension, and high cholesterol. (ECF No. 48; *see* ECF No. 31-1.)

Beginning in February 2020, the court granted a series of motions to postpone Mr. Demeo's surrender date based on his

2

deteriorating condition and the risks posed to his health by the emerging COVID-19 pandemic. In February 2020, Mr. Demeo underwent a biopsy for a rash throughout his body with open sores. (ECF No. 51.) In September 2020, Mr. Demeo was diagnosed with prostate cancer and underwent several months of radiation. (ECF Nos. 60, 61.) Significantly, this radiation treatment compromised Mr. Demeo's immunity and increased his risks of exposure to COVID-19. (*Id.*) In February 2021, Mr. Demeo fell and broke his hip, requiring him to be hospitalized for six days following surgery. (ECF No. 62.) During his recovery, Mr. Demeo required a cane to ambulate and underwent biweekly physical therapy. (ECF No. 63.) In addition to the treatment of these new health conditions, the court granted several continuances of Mr. Demeo's surrender date based on the risks that incarceration at the MDC posed to someone of Mr. Demeo's age and health during the COVID-19 pandemic. (ECF Nos. 52-54, 59, 64.) On January 5, 2022, Mr. Demeo surrendered to the Bureau of Prisons and began serving his one-month sentence at the MDC. (ECF No. 65.)[1]

      Mr. Demeo filed the instant motion on January 10, 2022, requesting that he serve the remainder of his one-month custodial sentence in home confinement due to his deteriorating health and the resurgent COVID-19 pandemic. (ECF No. 66 ("Def.'s Mot.").)

---

[1] Mr. Demeo also filed a motion for compassionate release prior to his surrender. (ECF No. 55.) The court denied that motion for failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. (6/17/20 Minute Order.)

The government has waived exhaustion and concedes that Mr. Demeo's health presents extraordinary and compelling circumstances, but argues that the motion should be denied because allowing Mr. Demeo to serve the remainder of his sentence in home confinement would not reflect the seriousness of his offense. (ECF No. 67 ("Gov't's Opp'n").)

## LEGAL STANDARD

The compassionate release provision, 18 U.S.C. § 3582(c)(1)(A), provides an exception to the general rule that a court may not modify a term of imprisonment once it has been imposed. A defendant must satisfy three requirements for the court to grant a motion for compassionate release. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021).

"First, absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting [compassionate release] from prison authorities." *Id.* In particular, a defendant generally must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or wait until 30 days after "the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Second, a court must find that "extraordinary and compelling reasons" warrant a sentence reduction. *Id.* §

4

3582(c)(1)(A)(i). The passage of the First Step Act of 2018 "freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "[A] district court's discretion in this area — as in all sentencing matters — is broad." *Id.* Indeed, "[t]he only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id.* at 237-38 (quoting 28 U.S.C. § 994(t)).

Third, the court must consider "'the factors set forth in section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Section 3553(a) factors include, among other things, (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, (3) the need for the sentence imposed to protect the public from further crimes of the defendant, and (4) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other

5

correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a).

"The defendant carries the burden of showing that he . . . is entitled to a sentence reduction under the statute." *United States v. Garcia*, 2021 WL 1616914, at *3 (E.D.N.Y. Apr. 26, 2021) (citation omitted). "Even if a defendant carries this burden, district courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *Id.* (citation omitted).

## DISCUSSION

### I. Exhaustion

Mr. Demeo concedes that he has not satisfied the exhaustion requirement contained in 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot. at 1-2.) In *United States v. Saladino*, however, the Second Circuit held that Section 3582(c)(1)(A)'s exhaustion requirement is not a jurisdictional limitation, but rather is a "claim-processing rule that may be waived or forfeited by the government." 7 F.4th 120, 121 (2d Cir. 2021). In its opposition, the government waived the exhaustion requirement because Mr. Demeo "is seeking a reduction of a sentence that has less than 30 days remaining." (Gov't's Opp'n at 3.) Accordingly, the court "is now free to consider the merits of [Mr. Demeo's] motion." *Saladino*, 7 F.4th at 123.

II. **Extraordinary and Compelling Reasons**

The government does not dispute, and the court finds, that Mr. Demeo has shown that "extraordinary and compelling reasons" warrant a sentence reduction based on his advanced age, medical conditions, and the COVID-19 infections at MDC. 18 U.S.C. § 3582(c)(1)(A)(i). In particular, the court concludes that Mr. Demeo's age, immunocompromised status, and other serious health conditions — when combined with the recent resurgence of COVID cases and current conditions at MDC Brooklyn — provide extraordinary and compelling reasons warranting a sentence reduction.

"Since the onset of the COVID-19 pandemic, numerous courts have held that the presence of preexisting conditions that increase the risks associated with the virus, in combination with the conditions of confinement, constitute extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Mallay*, 2021 WL 5718301, at *7 (E.D.N.Y. Dec. 1, 2021) (quoting *United States v. Serrano*, 2020 WL 5259571, at *3 (S.D.N.Y. Sept. 3, 2020)). Most significantly, since his November 2019 sentencing, Mr. Demeo endured several months of radiation treatment that compromised his immunity and increased the risks of his exposure to COVID-19, despite his vaccination status. (ECF Nos. 60-61.) *See, e.g., United States v. Seshan*, 2021 WL 5861228, at *4 (S.D.N.Y. Dec. 10, 2021) (finding

7

that the defendant's "immunocompromised state and his underlying medical conditions place him at severe risk of contracting COVID-19 and developing serious, possibly life-threatening illness," providing extraordinary and compelling reasons for a sentence reduction); *United States v. Peters*, 2020 WL 2092617, at *4 (D. Conn. May 1, 2020) (granting compassionate release based on the defendant's "underlying medical conditions which leave him immunocompromised").

Courts in this circuit have also recognized that a defendant's advanced age, when combined with other health conditions that increase the risks of contracting COVID-19, constitute extraordinary and compelling reasons for compassionate release. *See, e.g.*, *United States v. Minicone*, 521 F. Supp. 3d 163, 169 (N.D.N.Y. 2021) (finding that the defendant's "history of skin cancer, high blood pressure, and his possible kidney disease . . . place[d] him at a substantially increased risk of complications from COVID-19, especially when considered in light of his advanced age [of 72 years]"); *United States v. Yu*, 2020 WL 6873474, at *2 (S.D.N.Y. Nov. 23, 2020) ("At almost seventy years old, [the defendant's] advanced age, along with hypertension, high cholesterol, sinus issues, and sleep apnea, place him at serious risk should he become infected with COVID-19."); *United States v. Zukerman*, 451 F. Supp. 3d 329, 335-36 (S.D.N.Y. 2020) (finding extraordinary and compelling reasons based on defendant's advanced

8

age of 75 years and hypertension, among other things); *United States v. Fisher*, 493 F. Supp. 3d 231, 235-36 (S.D.N.Y. 2020) ("[I]n addition to [the defendant's] age, which increases his risk of serious illness or death should he contract COVID-19, the [d]efendant has other medical conditions that . . . would in combination with [the defendant's] age stand to result in serious illness or death should he contract COVID-19 while in prison.") As these cases demonstrate, Mr. Demeo's age (82 years) and serious health conditions (coronary artery disease, weakened immunity, prostate cancer, and hypertension, among other things) demonstrate the existence of extraordinary and compelling reasons for a sentence reduction.

Moreover, the current conditions at MDC Brooklyn support finding that extraordinary and compelling reasons exist in this case. *See, e.g.*, *Mallay*, 2021 WL 5718301, at *7 (noting that courts consider "the conditions of confinement" in resolving compassionate release motions, including "the proliferation and status of infection at defendant's facilities" (citations omitted)). According to the latest report issued by the MDC, 103 inmates are currently in isolation due to exposure to COVID-19. (Letter from F. Martinez, Jr. to Hon. Margo K. Brodie re: Administrative Order No. 2020-14 (Jan. 11, 2022), at 1.) The Bureau of Prisons classifies its facilities' "operational levels" based on the medical isolation rate, vaccination rate, and

9

community transmission rate. (*Id.* at 2.) MDC Brooklyn is currently classified as Level 3, the most severe, due to the community transmission rate being higher than 100 per 100,000 over the last 7 days. (*See id.* at 2.)[2] Thus, in conjunction with Mr. Demeo's age and medical conditions, the current isolation and transmission rates at MDC Brooklyn weigh in favor of a sentence reduction. *See, e.g.*, *United States v. Mansourov*, 2021 WL 6063235, at *3 (D. Conn. Dec. 22, 2021).

The government notes that, according to Mr. Demeo's counsel, Mr. Demeo has received two doses of the COVID-19 vaccine and a booster shot. (Gov't's Opp'n at 3 n.1.) However, "[a]n incarcerated person's vaccination status does not serve as a total bar" to finding that extraordinary and compelling reasons exist. *Mansourov*, 2021 WL 6063235, at *3 (collecting cases). In light of his age and serious health conditions, Mr. Demeo's vaccination status does not vitiate the court's finding that extraordinary and compelling reasons warrant a sentence reduction. *See id.*

### III. Section 3553(a) Factors

The court also finds that the relevant Section 3553(a) factors weigh in favor of granting a sentence reduction. *See* 18

---

[2] The Warden's letter states that a Level 3 classification is based on a transmission rate "less than" 100 per 100,000 over the last 7 days. (*Id.*) The BOP's website makes clear, however, that a Level 3 classification corresponds to a community transmission rate " ≥ 100 per 100,000 over the last 7 days." BOP COVID-19 Operational Levels, available at https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp.

10

U.S.C. § 3582(c)(1)(A). The court recognizes that Mr. Demeo's criminal history and his crime of attempted tax evasion are serious, and that he has served a small portion of his below-Guidelines, one-month custodial term. *See id.* § 3553(a)(2)(A). However, the court notes that the non-violent nature of Mr. Demeo's offense weighs in favor of granting the motion. *See, e.g.*, *United States v. Fernandez*, 2020 WL 7647459, at *3 (S.D.N.Y. Oct. 14, 2020) (considering non-violent nature of defendant's offense in granting compassionate release); *United States v. Bass*, 462 F. Supp. 3d 176, 188-89 (N.D.N.Y. 2020) (same); *United States v. Kataev*, 2020 WL 1862685, at *3 (S.D.N.Y. Apr. 14, 2020) (same). Moreover, the court finds that Mr. Demeo has been adequately deterred by his time in custody and the other aspects of the court's sentence, including the $367,673 in restitution that Mr. Demeo paid prior to sentencing. *See* 18 U.S.C. § 3553(a)(2)(B), (a)(7).

Most importantly, the need "to provide the defendant with needed . . . medical care . . . in the most effective manner" has increased dramatically over the past two years. *Id.* § 3553(a)(2)(D); *see, e.g.*, *Seshan*, 2021 WL 5861228, at *4 ("Because of his heightened risk of contracting COVID-19 and developing serious illness, the 'history and characteristics of the defendant' and the 'need . . . to provide the defendant with needed medical care' weigh in favor of modifying [the defendant's]

11

sentence to a period of home confinement" (citation omitted)). Since he was sentenced in November 2019, Mr. Demeo has undergone radiation to treat prostate cancer, sustained a broken hip that required hospitalization and physical therapy, and struggled with a skin condition that resulted in open sores on his body. (*See* ECF Nos. 51, 61-63.) Even before these developments, the court recognized that Mr. Demeo's health was a substantial mitigating factor in determining his sentence, including his history of coronary artery disease, lumbar spinal stenosis, hyperlipidemia, hypertension, and high cholesterol. The court also finds that Mr. Demeo's age and deteriorating health reduce the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C).

Finally, as the court noted at sentencing, the defendant's acceptance of responsibility, involvement in the community, and devotion to his family weigh in favor of a sentence reduction. *See id.* § 3553(a)(1). In sum, the court concludes that Mr. Demeo has demonstrated extraordinary and compelling reasons for a sentence reduction and that the Section 3553(a) factors weigh in favor of granting his motion.

IV.  **Home Confinement**

Mr. Demeo requests that the court "modify [his] sentence to home confinement." (Def.'s Mot. at 1.) Title "18 U.S.C. § 3582(c)(1)(A) does not expressly address the modification of a

12

term of imprisonment into a term of home confinement." *Seshan*, 2021 WL 5861228, at *1 n.1; *see* 18 U.S.C. § 3582(c)(1)(A) (providing that the court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)"). "However, to achieve this result, a district court may reduce a defendant's sentence to time served and release the defendant to supervised release with a condition of home confinement." *Seshan*, 2021 WL 5861228, at *1 n.1 (collecting cases). Accordingly, the court will reduce Mr. Demeo's sentence to time served and impose a condition of home confinement on his supervised release until the expiration of his original one-month sentence.

## CONCLUSION

For the foregoing reasons, Mr. Demeo's motion for compassionate release is GRANTED. The court reduces Mr. Demeo's sentence to time served, and he shall be released from custody into home confinement immediately. Upon his release, Mr. Demeo's two-year term of supervised release shall immediately commence, and he shall remain subject to all conditions of supervised release imposed as part of the original judgment. In addition, the court orders that Mr. Demeo shall remain confined to his daughter's home in Staten Island, New York until February 4, 2022. During this period of home confinement, Mr. Demeo is permitted to leave his

13

daughter's home only to attend medical appointments, visit with counsel, or as otherwise authorized by the Probation Department.

SO ORDERED.

/s/ Kiyo A. Matsumoto
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated: January 15, 2022
       Brooklyn, New York

14